Filed 4/10/25  P. v. Sanders CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084363 |
| v. | (Super.Ct.No. FSB22001671) |
| TREVOR LUKE SANDERS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Affirmed.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Trevor Luke Sanders appeals from the six-year sentence he received for one count of committing a lewd act upon a child under the age of 14 in violation of subdivision (a) of Penal Code section 288.  (Unlabeled statutory references are to the Penal Code.)  We

1

appointed counsel to represent Sanders on appeal, and counsel filed an opening brief that raised no issues and requested independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738.  We affirm.

BACKGROUND

In June 2022, the People filed a felony complaint alleging that Sanders committed one count of a lewd and lascivious act upon a child under the age of 14.  (§ 288, subd. (a).)  The People also alleged 18 circumstances in aggravation.  Sanders pled no contest, and the trial court suspended the imposition of his sentence, placed him on felony probation for a period of three years following a 364-day term of confinement in county jail, ordered that he register pursuant to section 290, and issued a 10-year stay-away order.  The court asked Sanders whether he understood and accepted the terms and conditions of his probation, and Sanders responded, "Yes, sir."

In March 2024, the People filed a petition to revoke Sanders's probation, alleging that he violated the following terms and conditions:  (1) "Cooperate with the [p]robation [o]fficer and follow all reasonable directives of the probation officer"; (2) "[n]ot own, use, or possess any form of sexually explicit movie videos, material, or devices unless recommended by a therapist and approved by the probation officer.  Do not frequent any establishments where such items are the primary item viewed or sold at such establishments and do not utilize any sexually oriented telephone services"; and (3) "Participate in and complete a [s]ex [o]ffender [t]reatment [p]rogram with a therapist approv[ed] by the probation officer until you are successfully discharged from the

2

program and be responsible for all fees." The petition alleged that when Sanders reported to the probation office for his orientation, he reviewed the terms and conditions of his probation, signed them, and said that he understood them. The petition also stated that the probation office provided a copy of the forms that defined "Sexually Explicit Material."

At the probation revocation hearing in July 2024, the People called Probation Officer Groce as a witness. Groce testified that Sanders was given a copy of the terms and conditions of his probation and that Sanders attended an orientation for his probation. Groce also said that Sanders signed a document explaining what "sexually explicit material" is. Groce testified that when he conducted a probation search of Sanders's residence, Groce found "pictures of women, very provocative clothes and no clothing at all" on Sanders's phone and that those pictures were consistent with what was described in Sanders's probation terms as sexually explicit material. Groce also said that he could not tell whether the people in the pictures were adults or minors but that some of them appeared to be minors.

The People rested, and the court asked defense counsel whether Sanders was going to testify. Counsel responded that the defense would not be presenting any evidence. Counsel argued that there was no evidence that Sanders signed the terms and conditions of his probation, "most" of Groce's testimony was speculative, and there was no evidence presented that the photographs were sexually explicit within the definition of the probation terms.

3

The court revoked Sanders's probation and imposed the following sentence: "The defendant is sentenced to California State Prison for the middle term of six years for the offense of lewd and lascivious acts with a child, in violation of [section] 288 (a) of the Penal Code. The [c]ourt has recalculated your credits. At this time you have 304—I'm sorry—305 actual to today's date with [section] 4019 credits plus 304, so your total is 609 credits."

Defense counsel then told that court that Sanders "is now saying that he never waived his rights to testify." Sanders was sworn in as a witness, and he told the court that he was using social media to "find someone [his] own age" and "it wasn't clear on what was an actual violation." He asked the court to "reinstate[ him] on probation" if he "stay[ed] off the social media." Following a brief cross-examination by the People, the court stated: "I'm not going to modify your sentence. I think that sexually explicit material on your phone, the volume of it as described and the nature of it does violate your probation. So your sentence of six years stands."

DISCUSSION

Sanders's appellate counsel filed a *Wende* brief identifying five potentially arguable issues: (1) whether the probation conditions are unconstitutionally vague; (2) whether the probation conditions are unconstitutionally overbroad; (3) whether the probation conditions violate the First Amendment; (4) whether there was sufficient evidence to support the trial court's findings; and (5) whether the trial court abused its discretion by revoking Sanders's probation when it was his first probation violation, and

4

Sanders testified that he did not know that his behavior constituted a violation and offered to refrain from using social media if the court would reinstate his probation.  Counsel asked that we conduct an independent review of the record.  We advised Sanders that he had 30 days to file a personal supplemental brief, and we received no response.

We have independently reviewed the record and found no arguable issue that would result in a disposition more favorable to Sanders.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

CODRINGTON

Acting P. J.

RAPHAEL

J.